IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-30070 |
| | ) | |
| ANTOINE M. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Antoine M. Jackson's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense ("Motion"). See d/e 67. Because Defendant's sentencing range has not been lowered by Amendment 750, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense (d/e 67) is DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND

In August 2007, Defendant pleaded guilty to possession of 50 or more grams of a mixture or substance containing cocaine base (crack) with intent to distribute . See 21 U.S.C. § 841(a)(1).  Defendant's sentencing hearing was held in November 2007.  According to the presentence investigation report, Defendant was held accountable for 383.8 grams of crack, which resulted in a base offense level of 32.  With a three-level reduction for acceptance of responsibility, Defendant had an offense level of 29.  An offense level of 29 and a criminal history category of I resulted in a sentencing guideline range of 87 to 108 months.  However, Defendant was subject to a 10-year mandatory minimum.  See 21 U.S.C. § 841(b)(1)(A) (2007) (providing for a 10-year minimum sentence where the violation involved 50 grams or more of crack).  Therefore, Defendant's guideline range became 120 months.  See United States Sentencing Guidelines (U.S.S.G.) § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence

shall be the guideline sentence"). At sentencing, the Government agreed that Defendant qualified for the "safety valve" set forth in 18 U.S.C. § 3553(f). The Court sentenced Defendant to 70 months.

In November 2011, Defendant filed a document that this Court considered as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Motion). <u>See</u> d/e 67. Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On November 21, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because Defendant's guideline range under the amended drug quantity table is the same as his guideline range under the old table.

On December 12, 2011, this Court granted Hawley leave to withdraw and granted Defendant until January 12, 2012 to supplement his motion or file a new motion for a reduced sentence. Defendant did

not do so.

## ANALYSIS

In 2010, Congress passed the Fair Sentencing Act of 2010 (Act), which amended 21 U.S.C. § 841(b)(1) by, among other things, raising the amount of crack that mandated minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). For example, the Act raised the amount of crack that triggers the mandatory 120-month minimum to 280 grams. See 21 U.S.C. § 841(b)(1) (A) (2010). However, the Seventh Circuit has held that the Act does not apply retroactively. United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010). Therefore, the amendment in the Act does not entitle Defendant to a reduction in his sentence.

The Act directed the United States Sentencing Commission to amend the Federal Sentencing Guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-

220 at § 8, 124 Stat. at 2374. The Sentencing Commission amended the Sentencing Guidelines by reducing the base offense levels for specific quantities of crack cocaine. See Amendment 750. For example, when Defendant was sentenced, the Guidelines provided for a base offense level of 32 for 383 grams of cocaine base. See U.S.S.G. § 2D1.1(c)(4) (2007) (drug quantity table providing for offense level of 32 for at least 150 grams but less than 500 grams of cocaine base). Under the amended Guidelines, Defendant's base offense level would still be 32. See U.S.S.G. § 2D1.1(c)(4) (2011) (drug quantity table providing for offense level of 32 for at least 280 grams but less than 840 grams of cocaine base).

A district court has "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582 of the United States Code permits a court to modify a previously imposed term of imprisonment where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2)

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

In this case, Defendant's sentencing range was not subsequently lowered by the Sentencing Commission. At sentencing, Defendant's guideline range was 70 to 87 months. However, because Defendant was subject to the statutory mandatory minimum sentence of 120 months, that term, 120 months, became his sentencing range. See, e.g., U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). The Sentencing Commission did not subsequently lower that sentencing range, which was based on the statutory mandatory minimum sentence. Moreover, as stated earlier, Defendant's base offense level under both the old and amended drug quantity tables is the same. After a three-level

reduction for acceptance of responsibility the total offense level is 29. With a criminal history category of I, Defendant's guideline range under both the old and the amended guidelines is 70 to 87 months. Because Defendant was not sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not eligible for a reduction under § 3582(c)(2). This Court lacks subject matter jurisdiction to consider the reduction request. Forman, 553 F.3d at 588.

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 67) is DISMISSED for lack of subject matter jurisdiction.

ENTERED: May 11, 2012

FOR THE COURT:

                                s/ Sue E. Myerscough
                                SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE